**Tim Daniel TINLIN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–97–749–CR**

Court of Appeals of Texas, Fort Worth.

Nov. 19, 1998.

Publication Ordered Dec. 17, 1998.

 

Robert Estrada, Wichita Falls, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant Criminal District Attorney, David M. Curl, Assistant Criminal District Attorney, Jay Lampham, Assistant Criminal District Attorney, Christy Jack, Assistant Criminal District Attorney, Fort Worth, for Appellee.

Before LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Tim Daniel Tinlin was convicted of aggravated sexual assault of a child under the age of 14. *See* TEX. PENAL CODE ANN. § 22.021 (Vernon 1994). Appellant was sentenced to fifty years in the Institutional Division of the Texas Department of Criminal Justice plus a $10,000 fine. On appeal, Appellant asserts eight points contending that the trial court improperly made a remark that was calculated to benefit the State, erroneously admitted

evidence of an extraneous offense, erroneously denied Appellant the opportunity to discredit a punishment witness, denied Appellant the right to present a defense, improperly allowed the State to ask leading questions of the complaining witness, and erroneously admitted Appellant's written confession. Appellant also complains that the evidence was factually insufficient to sustain the verdict and that the cumulative effect of the complained of errors denied Appellant a fair trial. Because we find no reversible error, we affirm.

## Background

Appellant was charged by an eight-count indictment of various sexual crimes relating to his daughter, B.T. The State elected to proceed to the jury on only one count, alleging that Appellant had placed his mouth in contact with B.T.'s anus. The jury found Appellant guilty.

## Improper Judicial Comment

In Appellant's first point, he asserts that the trial court improperly commented on the weight of the evidence. *See* TEX.CODE CRIM. PROC. ANN. Art. 38.05 (Vernon 1994). During the evidence stage, Appellant objected to the State leading the complaining witness during direct examination, and the trial court overruled the objection. In closing argument, Appellant's attorney reminded the jury that the only reference to Appellant placing his mouth on the anus of the complainant was heard by them over "an objection that says leading. That is, in effect, putting the words in the mouth." The prosecutor immediately objected to Appellant's argument commenting "that objection [by Appellant during the testimony] was overruled, and the witness was allowed to answer." The trial court sustained the State's objection to Appellant's argument.

On Appeal, Appellant contends that his argument about the result of his objection at trial was proper because the closing argument merely stated the effect of a leading question. Appellant insists that the prosecutor's words in speaking the objection, and the trial court sustaining it, resulted in an improper judicial comment that was reasonably

calculated to benefit the State or prejudice the defendant. *See Kincade v. State,* 552 S.W.2d 832, 835 (Tex.Crim.App.1977); *Williams v. State,* 834 S.W.2d 502, 505 (Tex. App.—Fort Worth 1992, pet. ref'd). The State argues that Appellant waived any error on his first point by failing to object to the court's ruling. We agree.

To preserve error, the complaining party must have objected to the judge's ruling or the objection is waived. *See Sharpe v. State,* 648 S.W.2d 705, 706 (Tex.Crim.App. 1983); *Williams,* 834 S.W.2d at 505; *Nevarez v. State,* 671 S.W.2d 90, 93 (Tex.App.—El Paso 1984, no pet.). Appellant did not object to the trial court's ruling, therefore, nothing is preserved for review. We overrule point one.

## Extraneous Offense Evidence

In point two, Appellant contends that the trial court erroneously admitted evidence of an extraneous offense, and to the extent that the evidence was admissible under article 38.37 of the code of criminal procedure, that article is unconstitutional as violative of due process and equal protection.

Appellant's complaint concerns the following exchange during Appellant's cross-examination of Richard Wood, the polygraph examiner:

[Defense Counsel]: It was the State's version, based upon the police reports, that [Appellant] had placed his tongue on [B.T.]'s anus; isn't that correct?

. . .

[Mr. Wood]: Okay. It was the State's version that he had licked her anus *and more.*

[Defense Counsel]: Right. And—

[Mr. Wood]: Several other sexual offenses.

[Defense Counsel]: Correct. That's why I said in relevant part. . . .

. . .

[Defense Counsel]: Now, the police version was at least that, wasn't it?

[Mr. Wood]: Yes sir. That *and more,* yes sir.

. . .

[Defense Counsel in support of his objection]: Yes, Sir. I said that the police version has at least the allegation of a tongue in the anus and—I'm sorry, mouth *on the anus and mouth in contact with her female sex organ.* The police report had at least that, so that's a yes or no answer.

Instead, he says that *and more.* And I'm trying to get him to talk about what's consistent with the indictment that's in the police report. The "and more" is not responsive. [Emphasis supplied]

The trial court sustained Appellant's objection and instructed the jury not to consider Mr. Wood's words "and more."

Appellant's complaint on appeal attacks Mr. Wood's answer, "Okay. It was the State's version that he licked her anus *and more.*" Appellant asserts that his objection to Mr. Wood's answer that contained the words "and more" preserved error regarding the challenged statement. We disagree.

■ To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. *See* TEX.R.APP. P. 33.1(a)(1); *Mosley v. State,* 983 S.W.2d 249, 265 (Tex.Crim.App. 1998); *see also* TEX.R. EVID. 103(a)(1). The objection must be made as soon as the basis for the objection becomes apparent. *See Johnson v. State,* 803 S.W.2d 272, 291 (Tex. Crim.App.1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991); *Polk v. State,* 729 S.W.2d 749, 753 (Tex.Crim. App.1987). If a party fails to do this, error is not preserved, and the complaint is waived. *See Taylor v. State,* 939 S.W.2d 148, 155 (Tex.Crim.App.1996). Appellant did not timely object to the statement he now challenges on appeal and, therefore, waives his complaint about it. We overrule point two.

### Specific Instances of Conduct

■ Appellant's third point asserts that the trial court abused its discretion by limiting Appellant's efforts to attack a punishment witness's credibility. During the punishment stage, Appellant's former stepdaughter, C.C., testified that Appellant had fondled her when she was six years old and that he had masturbated in her presence while watching pornographic movies. On cross-examination, Appellant was denied the opportunity to question C.C. concerning allegations, that despite an accusation of sexual abuse committed against her by another person, that person was not prosecuted.

Appellant contends that he should have been allowed to ask C.C. about that because such questions could have impeached C.C.'s credibility. Appellant claims that because no prosecution resulted, C.C.'s accusations against the other person were demonstrably false and that could have shown C.C.'s propensity to falsely accuse others of sexual misconduct toward her.

■ Appellant's argument fails for two reasons: First, Texas Rule of Evidence 608(b) expressly prohibits the use of specific instances of conduct for impeachment of a witness's credibility except to expose bias or interest, rebut affirmative representations made on direct examination, or to demonstrate a lack of capacity. *See Lagrone v. State,* 942 S.W.2d 602, 612–13 (Tex.Crim.App. 1997) (construing the effect of rule 608(b)). Appellant merely wanted to impeach C.C.'s credibility by asking her about specific instances of prior conduct, which is expressly prohibited by rule 608(b). Second, even if the evidence could be perceived as evidence establishing a bias or interest, Appellant still failed to produce any proof that the prior accusation was false. Where there is no evidence that the witness made false accusations, any evidence concerning the accusations is inadmissible. *See Hughes v. State,* 850 S.W.2d 260, 262–63 (Tex.App.—Fort Worth 1993, pet. ref'd). Accordingly, we overrule Appellant's third point.

### CPS Videotape Interview

Next, Appellant asserts in point five that the trial court denied him the right to present a defense under the due process and the compulsory process clauses of the Sixth Amendment. At trial, the State offered a Child Protective Services videotaped inter-

view with B.T. into evidence, and it was admitted without limitation. During Appellant's case-in-chief, Appellant sought to play the taped interview and to stop it at specific intervals to highlight and help establish his defense. The trial court would not let Appellant use that technique.

Appellant vaguely argued at trial that he was "entitled to highlight those things that are favorable to the Defense ... without having to do [it] in summation." On appeal, Appellant invokes due process, Sixth Amendment compulsory process, and claims that presenting a premature jury argument was part of his right to present a defense.

The complaint made on appeal must comport with the complaint made in the trial court, or the error is waived. *See House v. State,* 947 S.W.2d 251, 257 (Tex.Crim.App. 1997); *Butler v. State,* 872 S.W.2d 227, 236 (Tex.Crim.App.1994). Appellant did not invoke these constitutional authorities at trial, and he cannot do so for the first time on appeal. *See Miller v. State,* 940 S.W.2d 810, 816 (Tex.App.—Fort Worth 1997, pet. ref'd). Because Appellant failed to object on the complained of constitutional grounds at trial, we overrule Appellant's fifth point.

### Leading Questions

Appellant's sixth point asserts that the trial court abused its discretion in permitting the State to lead the complaining witness during its direct examination and that he was unlawfully prejudiced by the State putting words in B.T.'s mouth. Appellant's complaint centers on the following trial testimony:

[Prosecutor]: What happened?

[B.T.]: I was in the bathroom, and he licked me on my bottom.

[Prosecutor]: He licked you on your bottom?

[B.T.]: Yes.

[Prosecutor]: Okay. When he licked you on your bottom, was that the hole that I was pointing to earlier?

[Defense Counsel]: Objection. Leading.

[B.T.]: Yes.

The Court: Overruled.

The prior exchange referred to in this passage was as follows:

[Prosecutor]: And [B.T.], what do you call in the back where girls go to the bathroom?

[B.T.]: Bottom.

[Prosecutor]: Bottom. Okay.

And, Your Honor, may the record reflect that the witness indicated that the anus is the bottom on the—

[Defense Counsel]: I object to that. The witness did nothing of the sort, Your Honor. She said, what do you call this area? She said, my bottom.

[Prosecutor]: All right. [B.T.], what do you call this hole right there?

[B.T.]: Where you go to the restroom.

Leading questions are questions that suggest the desired answer, instruct the witness how to answer, or put words into the witness's mouth to be echoed back. *See Ballew v. State,* 452 S.W.2d 460, 461 (Tex. Crim.App.1970); *Newsome v. State,* 829 S.W.2d 260, 269 (Tex.App.—Dallas 1992, no pet.). But a question is not leading simply because it can be answered "yes" or "no." *See Newsome,* 829 S.W.2d at 269. A question is impermissibly leading only when it suggests which answer, "yes" or "no", is desired. *See Fuller v. State,* 95 Tex.Crim. 452, 254 S.W. 967, 968 (1923); *Newsome,* 829 S.W.2d at 269; *Myers v. State,* 781 S.W.2d 730, 733 (Tex.App.—Fort Worth 1989, pet. ref'd).

The record reflects that there had been some disagreement as to what part of the anatomy B.T. was referring to when she used the term "bottom." Here, the prosecutor was asking a question that sought to clarify the witness's answer, not suggest one. Therefore, the question was not leading. We overrule Appellant's sixth point.

### The Confession

Appellant's seventh point challenges the admission of Appellant's confession. During the investigation of the offense, Appellant agreed to take a polygraph examination. Richard Wood, the polygraph exam operator, administered an exam to Appellant. Follow-

ing the exam, Wood told Appellant that he had failed the exam, and Appellant quickly confessed to having committed improper sexual contact with B.T. During a pretrial suppression hearing, Appellant sought to have the statement suppressed on the basis of voluntariness. The trial court ruled the statement admissible.

Appellant complains, without citing any authority, that at the time the statement was taken, he was still being "affected" by a motorcycle accident in which he suffered a head injury and did not have all of his mental capacities, vaguely implying that the statement was not voluntary and violated due process. Despite Appellant's failure to adequately brief the point, we will review the trial court's determination of voluntariness.

A statement is not voluntary if there was "official, coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice by its maker." *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex.Crim.App.1995). The voluntariness of a confession is based upon an examination of the totality of the circumstances surrounding its acquisition. *See Berry v. State*, 582 S.W.2d 463, 465 (Tex.Crim. App.1979); *Farr v. State*, 519 S.W.2d 876, 880 (Tex.Crim.App.1975). The trial judge is the trier of fact at a hearing on the voluntariness of a confession and we review the findings of fact and application of law to those facts under an abuse of discretion standard.[1] *See Barton v. State*, 605 S.W.2d 605, 607 (Tex.Crim.App. [Panel Op.] 1980); *Sinegal v. State*, 582 S.W.2d 135, 137 (Tex.Crim.App. [Panel Op.] 1979).

Here, the trial court held a pretrial suppression hearing to determine whether Appellant's confession was voluntary. At the hearing, the evidence showed that Appellant had not been under arrest at the time of giving the statement, nor was he arrested immediately following the examination, and Appellant was permitted to leave after making the statement. The evidence also showed that before he confessed, Appellant was given the warnings prescribed in articles 15.17 and 38.22 of the Texas code of criminal procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 15.17 (Vernon Supp.1998), art. 38.22 (Vernon 1979). Appellant's written statement showed on its face that before he made it, Appellant had received those warnings. In addition, Mr. Wood recited Appellant's constitutional rights to him three times, and each time Appellant signed a form acknowledging his understanding and voluntary waiver of those rights. During the interview with Mr. Wood, Appellant also indicated that he had a bachelor's degree in economics.

The trial court found .that the statement was not coerced and was voluntarily made. We agree. The evidence presented at the pretrial hearing was sufficient to support the trial court's ruling. Because the trial court did not abuse its discretion, we overrule point seven.

### Factual Sufficiency of the Evidence

In his fourth point, Appellant contests the factual sufficiency of the evidence to sustain the verdict.

At trial, Appellant's defense was that he did not place his mouth on B.T.'s anus. The trial court admitted into evidence the taped interview of B.T. made by Children's Protective Services. During that interview, B.T. told the interviewer that Appellant had licked her bottom with his tongue while she was sleeping in bed. The next exchange was:

[Interviewer]: Where did you feel that tongue?

[B.T. points to the anus on an anatomically correct female doll]

[Interviewer]: Did it go inside that crack, in there some?

[B.T.]: No.

[Interviewer]: But you felt it on top of it?

[B.T.]: Uh-huh.

---

1. While it is noted that the federal courts review trial courts' application of law to facts de novo, the Texas Court of Criminal Appeals was recently presented with the opportunity to adopt the de novo review standard, but declined to decide the issue. *Henderson v. State*, 962 S.W.2d 544, 564 (Tex.Crim.App.1997).

During the interview, B.T. also stated that Appellant had touched her bottom with a towel while giving her a bath.

At trial, B.T. testified:

[Prosecutor]: [B.T.], was there something else that happened that was nasty?

[B.T.]: Yes.

[Prosecutor]: What happened?

[B.T.]: I was in the bathroom, and he licked me on my bottom.

[Prosecutor]: He licked you on your bottom?

[B.T.]: Yes.

[Prosecutor]: When he licked you on your bottom, was that the hole that I was pointing to earlier?

[Defense Counsel]: Objection. Leading.

[B.T.]: Yes.

The Court: Overruled.

During her direct examination, B.T. made no other references to Appellant touching her anus. During cross-examination, B.T. testified that what she had said on the tape (when her memory of the abuse was better) was the truth.

 In reviewing the factual sufficiency of the evidence to support a conviction, we are to view "all the evidence without the prism of 'in the light most favorable to the prosecution.'" *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996) (citing *Stone v. State*, 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd, untimely filed)). We may only set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See id.* In performing this review, we are to give "appropriate deference" to the fact finder. *Id.* at 136. We may not reverse the fact finder's decision simply because we may disagree with the result. *See Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997). Instead, we may find the evidence factually insufficient only where necessary to prevent manifest injustice. *See id.*

In connection with his fourth point, Appellant's argument is based on two premises. First, Appellant argues that his confession was erroneously admitted and should be given less weight for sufficiency purposes because it was not corroborated. Second, he insists that the remaining evidence was not sufficient to support the judgment.

 In support of the second premise, Appellant points out that in the videotape interview, B.T. said that Appellant only touched her with a wash cloth when he gave her a bath, and that when he licked her, he did not go inside the crack. He argues that those portions of the videotaped interview prove that he did not cause the contact of his mouth with B.T.'s anus, and that any inconsistent statements from B.T.'s videotape testimony should be discarded in light of B.T.'s comment that her memory of the events was better at the time the interview was taken than two years later at trial. Appellant contends that if inconsistencies between B.T.'s trial testimony and the videotape are reconciled in favor of the videotaped interview, then the only evidence proving Appellant touched B.T.'s anus was B.T.'s testimony at trial in response to a leading question.

However, at trial Appellant failed to challenge the admissibility of the confession on the grounds that there was no corroborating evidence to support the confession. Also, the evidence does not support Appellant's complaint that there is an inconsistency between B.T.'s trial testimony and the videotaped interview. Appellant's argument hinges on B.T.'s comment during the videotaped interview that Appellant did not go inside the crack. Appellant assumes that the reference to "crack" was a reference to the cleavage between the cheeks of the buttocks. However, a review of the videotaped interview shows that what B.T. meant by "crack" was the anus. That is demonstrated in the videotaped interview when, after showing how Appellant rubbed her anus with his finger, B.T. still answered that Appellant did not go inside the "crack". In addition, we have already determined that the State's clarifying question was not leading, and B.T.'s response was properly admitted. We find the evidence factually sufficient to sustain the jury's verdict and overrule Appellant's fourth point.

### Cumulative Errors

 In Appellant's eighth point, he contends that the cumulative effect of the com-

plained of errors denied him a fair trial in violation of his right to due process. Cumulative error is not a proper appealable issue and preserves nothing for review. *See Stoker v. State,* 788 S.W.2d 1, 18 (Tex.Crim.App. 1989), *cert. denied,* 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). We overrule Appellant's eighth point.

## Conclusion

Having overruled all of Appellant's points, we affirm the conviction and trial court's judgment.