NUMBER 13-01-407-CR

 

                                  COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                                    CORPUS
CHRISTI

 



 

JESSE CHAVEZ,                                                                                 Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                        Appellee.

 



 

                               On
appeal from the 105th District Court

                                           of
Nueces County, Texas.

 

 



                                         O
P I N I O N

 

                 Before Chief Justice
Valdez and Justices Dorsey and Rodriguez

                                           Opinion
by Justice Dorsey



 








A jury convicted appellant, Jesse Chavez, of
burglary of a habitation with commission of sexual assault and assessed
punishment at fifty-five years in prison. 
By three points of error appellant complains that the trial court improperly
admitted evidence during the punishment phase, failed to properly charge the
jury, and improperly excluded impeachment testimony.  We affirm.

                                                                      I. Facts

Because appellant does not challenge the
sufficiency of the evidence to support his conviction only a brief rendition of
the facts is necessary.  The victim
testified that a man entered her apartment and sexually assaulted her.  She was taken to the hospital where a sexual
assault examination was performed on her. 
The records of this exam were admitted into evidence during trial.  Appellant testified he had consensual sex
with the victim.

                                                                  II. Analysis

                                                             Punishment
Evidence








By point one appellant complains that the evidence
is insufficient to prove that he is the same person who was convicted in two
prior offenses.  During the punishment
phase the State offered into evidence Exhibits 26, 27, and 28 showing appellant=s three prior convictions for burglary
of a building, forgery, and aggravated possession of marihuana.  Defense counsel objected to the exhibits,
stating A[W]e have
previously lodged an objection to those.@[1]  The trial court overruled the objection and
admitted the three exhibits into evidence. 
After the exhibits were admitted counsel objected that the exhibits were
inadmissible because AThere=s nothing that shows, that connects
those exhibits to my client at this point, . . . .@  The trial court overruled the objection.

Rule 33.1 of the Texas Rules of Appellate
Procedure requires a timely "request, objection, or motion" to
preserve error.  Tex. R. App. P. 33.1. 
The record fails to reflect that counsel=s
objection that Anothing .
. . connects those exhibits to my client@
was timely.  Counsel lodged the objection
after the trial court had already admitted the exhibits into
evidence.  We hold that appellant did not
preserve the alleged complaint for review. 
We overrule point one.

                                                       Parole-Eligibility
Instruction  








By point two appellant complains that the trial
court erred in denying his requested parole-eligibility instruction as required
by article 37.07, section 4(a) of the Texas Code of Criminal Procedure.[2]  The instruction informing the jury of the
existence and mechanics of parole law and good-conduct time is mandatory.  Tex.
Code Crim. Proc. Ann. art. 37.07, '
4 (Vernon Supp. 2002).  The charge is
universally applicable to all non‑capital felonies listed in
article 42.12, section 3g(a)(1) of the Texas Code of Criminal Procedure.  Tex.
Code Crim. Proc. Ann. art. 42.12, '
3g(a) (Vernon Supp. 2002).  Thus, the
question is whether the instant offense, burglary of a habitation with
commission of sexual assault, is included in the list of offenses enumerated in
article 42.12, section 3g(a)(1).  If it
is, then appellant is entitled to the instruction required by article 37.07, section
4(a) of the Texas Code of Criminal Procedure.

Article 42.12, section 3g does not include either
burglary of a habitation or burglary of a habitation with commission of sexual
assault in the list of offenses enumerated in subsection (a)(1).  And, appellant has cited no cases holding
that either of these offenses is an offense included within this list.  Although the list does include the offense of
sexual assault,[3]
that offense and the instant offense are two different offenses.  The statute setting out the offense of
burglary allows for several ways and means by which a person can commit that
offense.  See Tex. Penal Code Ann. ' 30.02 (Vernon 1994).  Burglary of a habitation with commission of
sexual assault is just one of many ways to commit burglary of a habitation.








By way of analogy we note that the Legislature
included in section 12.42 of the Texas Penal Code a specific provision for
repeat felony offenders.  Section
12.42(c) provides that a defendant convicted of burglary of a habitation with
the intent to commit sexual assault shall be punished by life imprisonment.  Tex.
Penal Code Ann. '
12.42(c)(2)(A)(iii) (Vernon Supp. 2002). 
If the Legislature had intended to include the instant offense in the
list of offenses enumerated in article 42.12, section 3g(a)(1) it could have
done so.[4]  We hold that the trial court did not err by
denying the requested instruction.  We
overrule point two.

                                        Sonja
Eddleman=s
Reputation For Truthfulness  

By point three appellant contends that the trial
court erred by refusing to allow him to impeach Sonja Eddleman=s character for truthfulness and
veracity.  We review a trial court's
decision to exclude evidence under an abuse of discretion standard.  Burden v. State, 55 S.W.3d 608, 615
(Tex. Crim. App. 2001).  An abuse of
discretion occurs when the trial court acts without reference to any guiding
rules or principles.  See Montgomery
v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990); Thompson v. State,
44 S.W.3d 171, 174 (Tex. App.CHouston
[14th Dist.] 2001, no pet.).  The standard
requires us to uphold a trial court's admissibility decision when that decision
is within "the zone of reasonable disagreement."  Powell v. State, 63 S.W.3d 435, 438
(Tex. Crim. App. 2001).








Under the rules of evidence a party may impeach a
witness for having bad character for truthfulness.  Moreno v. State, 22 S.W.3d 482, 485
(Tex. Crim. App. 1999).  Rule 608 of the
Texas Rules of Evidence governs the admissibility of evidence aimed at
impeaching a witness's credibility.  Tex. R. Evid. 608; Dixon v. State,
2 S.W.3d 263, 272 (Tex. Crim. App. 1998) (op. on reh'g).  Rule 608(a) permits two types of general
credibility impeachment of a witness: 
(1) testimony that the witness has a poor reputation in the community
for telling the truth; and (2) testimony from a specific character witness
that, in his opinion, the witness is not worthy of belief because they
generally do not tell the truth.  Tex. R. Evid. 608(a); Dixon, 2
S.W.3d at 272.

The court of criminal appeals has recognized that
"[a] reputation witness's testimony must be based on discussions with
others concerning the defendant, or on hearing others discuss the defendant's
reputation, and not just on personal knowledge. . . ."  Adanandus v. State, 866 S.W.2d 210,
226 (Tex. Crim. App. 1993).  The Adanadus
court also said that a reputation witness must base his or her testimony upon a
"synthesis of observations and discussions which results in a conclusion
as to the individual's reputation." 
Id.

Sonja Eddleman, Director of the Sexual Assault
Nurse Examiner=s Program
at Doctor=s
Regional Medical Center, testified as the State=s
expert witness regarding the results of the victim=s
sexual assault examination.  She did not
perform the sexual assault examination on the victim; rather, her testimony
consisted of her interpretation of the results found in the victim=s records produced by the examination.[5]  Her testimony was that she thought that a
possibility existed that the trauma to the victim=s
genitals and anus was Acaused
by consensual sex, but typically people are not significantly injured from
consensual sex.@  She said that a possible reason for the
significant injuries to the victim=s
genital and anus area was that someone had tried to forcefully penetrate the
victim.








Nurse Alma Baghezza testified as an expert witness
for appellant concerning the victim=s
injuries.  She testified from the victim=s medical records.  Baghezza had received training in the
examination of sexual assault victims and trained with Sonja Eddleman at two
hospitals.  Baghezza=s testimony was that the trauma to the
victim could have occurred through consensual sex.  During direct-examination counsel asked
Baghezza for her opinion about Eddleman=s
truthfulness.  At that point the jury
left the courtroom, and the State objected to the question on the basis that
appellant had not laid the proper foundation for the question.  Outside the jury=s
presence, counsel tried to lay the proper foundation by asking Baghezza the
following question:  ACould you tell us the details of the
incident where you have seen Sonja Eddleman instruct other SANE[[6]]
nurses to change their reports.@  Baghezza testified about an incident where
she had examined a victim for sexual assault and had found no evidence of
trauma.  According to Baghezza, Sonja
Eddleman Areviewed
the slides or something of that nature and said that there was a problem with
my documentation and told me that I needed to point out some of the areas where
she had noted that there were inconsistencies. . . .@  In Baghezza=s
opinion, there was no factual basis for adding this information into the
report.

Still outside the jury=s
presence, counsel asked Baghezza the following questions:

Q.
Mrs. Baghezza, do you know Sonja Eddleman?

 

A.
Yes, I do.








Q.
Do you know people who know Sonja Eddleman?

 

A.
Yes, I do.

 

Q.
Have you heard these people talking about Sonja Eddleman?

 

A.
Yes, I have.

 

Q.
Do you know what her reputation is for being a truthful person?

 

A.
Yes.

 

Q.
Is that reputation good or bad?

 

A.
Bad.

 

The trial court did not allow the jury to hear any of the
testimony elicited outside the jury=s
presence.

Baghezza's testimony that Eddleman made her change
the report was evidence of a specific instance of conduct.  Rule 608(b) expressly prohibits the use of
specific instances of conduct to impeach a witness's credibility except to
expose bias or interest, to rebut affirmative representations made on direct
examination, or to demonstrate a lack of capacity.  Tinlin v. State, 983 S.W.2d 65, 69
(Tex. App.BFort
Worth 1998, pet. ref'd).  Thus the trial
court properly excluded this testimony as an inadmissible specific instance of
conduct.

Baghezza=s
proffered testimony about Eddleman=s
reputation for being a truthful person did not satisfy rule 608, because her
testimony did not show that Eddleman had a bad reputation in the community
for telling the truth, see Tex.
R. Evid. 608(a), and was not based upon a "synthesis of observations
and discussions."  Adanandus,
866 S.W.2d at 226 (emphasis added).








Assuming that the trial court had erred in
excluding the testimony, the error was harmless for two reasons.  First, Eddleman=s
reputation for truthfulness is not critical to the jury=s
determination of guilt or innocence based upon the facts of this case.  Eddleman did not perform the sexual assault
examination on the victim; rather, she interpreted the results stated in the
victim=s medical
records produced from the examination. 
Nothing shows that Eddleman asked anyone to change these records.  Second, appellant cross-examined Eddleman
about her interpretation of the victim=s
records and presented testimony from his own expert witness, Alma Baghezza, who
testified from the same medical records as did Eddleman.  Baghezza testified that she Abelieve[d] that there was a sexual
assault@ in this
case, although she was not sure how it had happened.  We conclude that any error was harmless.  See Morales v. State, 32 S.W.3d 862,
867 (Tex. Crim. App. 2000) (when conducting harm analysis under Rule 44.2(b),
appellate court must decide whether the error had a substantial or injurious
effect on the jury verdict).

We hold that the trial court did not abuse its
discretion by excluding the proffered testimony.  We overrule point three.

We AFFIRM the trial court=s
judgment.

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this
19th day of September, 2002.                                            











[1]Prior to commencement of the
punishment phase defense counsel objected to the admission of the burglary
conviction on the ground that community supervision was satisfactorily
completed.  After both sides argued the objection
the trial court asked if defense counsel had Aanything else,@ to which he replied, Athat=s it for our objections.@ 
The trial court then overruled the objections.  With regard to the other two convictions
counsel=s objection at that time was that they
were over ten years old.  





[2]Under article 37.07, section 4(a) of
the Texas Code of Criminal Procedure, which applies specifically to punishment
hearings before juries, the trial court must instruct the jury in relevant part
that a defendant convicted of a "3g" offense; i.e., an offense
listed under article 42.12, section 3g of the Texas Code of Criminal Procedure,
is eligible for parole when the actual time served equals one‑half of the
sentence imposed or thirty years, whichever is less, without consideration of
good-conduct time. See Tex. Code
Crim. Proc. Ann. art. 37.07 '' 4(a), (d), art. 42.12 ' 3g (Vernon Supp. 2002). Additionally
under section 4(a) the trial court must instruct the jury that it may consider
the existence of the parole law and good- conduct time, but may not consider
the effect of either on a particular defendant. 
Id. art. 37.07 ' 4(a).





[3]See Tex. Code Crim.
Proc. Ann. art. 42.12, ' 3g(a)(1)(H) (Vernon Supp. 2002).





[4]The 73rd Legislature amended article
42.12, section 3g to include the offenses of murder and indecency with a child
in the list of offenses enumerated in subsection (a)(1).





[5]Christine Vecchi performed the sexual
assault exam on the victim.  Vecchi did
not testify. 





[6]SANE stands for sexual assault nurse
examiner.