In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00428-CR

____________


VERLON ZIGLER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 869,188






O P I N I O N

 A jury found appellant, Verlon Zigler, guilty of the offense of aggravated robbery and
assessed his punishment at seven years in prison. In four points of error, appellant argues:
(1) the evidence was factually insufficient to support his conviction, (2) the trial court erred
in failing to suppress his video lineup identification, (3) the trial court abused its discretion
in failing to sustain his objection to a leading question, and (4) the trial court erred in failing
to file written findings of fact and conclusions of law. We affirm.

Background


 On May 3, 1999, Erich Rosenthal, the 73-year-old complainant, was robbed at
gunpoint in a Wal-Mart parking lot. In mid-afternoon, as Rosenthal was getting into his car,
appellant approached Rosenthal, placed his face against Rosenthal's face, pointed a gun at
Rosenthal's groin, and demanded Rosenthal's watch and money. Rosenthal gave appellant
the money in his hand, but appellant demanded all of Rosenthal's money. The entire incident
lasted about five minutes. Rosenthal saw appellant leave in a small two-door black car,
parked five to seven cars away from his. There were no suspects in the case until appellant
pawned, and later redeemed, Rosenthal's watch from a pawn shop in January of 2000.

 Based on this information, Houston Police Detective Joan Orlando showed Rosenthal
a photo spread with a 10-year-old photograph of appellant and photographs of five other men
with similar physical characteristics. After Rosenthal tentatively identified appellant as the
assailant, Orlando obtained an arrest warrant for appellant. During her attempt to execute
the arrest warrant at appellant's home, Orlando observed a small two-door black Honda
Accord, which belonged to appellant. Appellant was not home, but he contacted and met
with Orlando the next day. Appellant was placed in a videotape lineup with five other men
with similar physical characteristics. Rosenthal positively identified appellant from the
videotape lineup as being the person who robbed him.

DISCUSSION


Factual Insufficiency

 In reviewing the evidence on factual sufficiency grounds, we ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the jury's determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We must avoid substituting our
judgment for that of the fact finder. Id. 

 Rosenthal testified that he was coming out of the Wal-Mart and was about to get into
his car when the robbery occurred. The incident occurred mid-afternoon and lasted
approximately five minutes. Appellant placed his face right against Rosenthal's face, which
allowed Rosenthal to get a close look at appellant's face. The record reflects that Rosenthal's
description was general but it included appellant's height, weight, skin tone and hairstyle. 
Nine months after the incident, appellant pawned and redeemed Rosenthal's watch. 
Detective Orlando testified that appellant's statement regarding his acquisition of the Rolex
was vague. Rosenthal identified appellant in a photo spread and subsequently in a video
lineup. Appellant owned a small, black, two-door car.

 Erric Knight, owner of Havoc Records, testified as appellant's alibi that appellant had
booked May 3, 1999 to record a CD within the time-frame of the robbery. However, Knight
also testified that he was not certain that appellant was present for the entire recording
session. 

 We hold that the evidence was factually sufficient to support the jury's verdict. We
overrule appellant's first point of error.

Motion to Suppress

 In his second point of error, appellant contends that the trial court erred in failing to
grant his motion to suppress the video lineup because it was unnecessarily suggestive. He
further argues that his in-court identification was tainted by the suggestive video lineup. 
However, appellant failed to object to Rosenthal's in-court identification. An objection is
required each time inadmissible evidence is presented. Johnson v. State, 803 S.W.2d 272,
291 (Tex. Crim. App. 1990). Any error relating to the in-court identification was waived. 
We overrule appellant's second point of error.

Leading Question Objection 

 In his third point of error, appellant contends the trial court abused its discretion in
failing to sustain his objection to a leading question. On direct examination, the State asked
the complainant the following:


 When you saw the videotape, who did you identify at that point? 


 Did you - do you know?

 


 Well, the fellow that robbed me.


 


 Okay. What did you base your identification on?




 Well, I can't tell you that. I don't know. All I can tell you I know is that
his nose was pointing out a little bit instead of swerved. That's how I
remembered him, and also those people told them - say, "Give me all
your money," I think they said: and that's - or "Give me your watch." 
I don't remember. That's neither here nor there.


 


 So, let me make sure that I understand what you based your identification
on in the video lineup was facial features and voice?


 

 Defense: Again, Your Honor, I object. That's leading.

 

 Court: Overruled.



 Is that correct?


 


 Yes. (emphasis added).



 A question is impermissibly leading when it suggests the answer desired. Tinlin v.
State, 983 S.W.2d 65, 70 (Tex. App.--Fort Worth 1998, pet. ref'd). Here, the prosecutor
merely sought to clarify the witness' answer, not to suggest one. The question was not
impermissibly leading. We overrule appellant's third point of error.

Findings of Fact and Conclusions of Law

 In his fourth point of error, appellant contends that the trial court erred in failing to
file written findings of fact and conclusions of law in regard to its denial of appellant's
motion to suppress his custodial statement. The Code of Criminal Procedure provides, in
pertinent part: "If a question is raised regarding the voluntariness of the defendant's
statement, the court must make an independent finding to determine whether the statement
was made voluntarily." Tex. Code Crim. Proc. Ann. art. 38.22(6) (Vernon 1979). If the
court determines the statement was made voluntarily, it must enter an order stating its
conclusions along with specific findings of fact on which such conclusion was reached. Id.

 Here, the trial court dictated a statement into the record at the conclusion of the
hearing on appellant's motion to suppress his custodial statement. The trial court concluded,
"based upon the credible testimony of Sergeant Orlando," that appellant made his custodial
statement freely and voluntarily with a clear understanding of what he was doing and without
threats or promises. The trial court further stated that appellant understood his rights,
voluntarily waived his right to a lawyer and the right to remain silent, and did not attempt to
stop or terminate the interview.

 It is well-settled that a trial court complies with article 38.22, section 6 when it
dictates its findings of fact and conclusions of law, which are transcribed as part of the trial
record. See Lee v. State, 964 S.W.2d 3, 11-12 (Tex. App.--Houston [1st Dist.] 1997, pet.
ref'd). We overrule appellant's fourth point of error.

Conclusion We affirm the judgment of the trial court.

 

 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.