AFFIRMED; Opinion Filed November 15, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-00309-CR

### JOHN A. HERNANDEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

## On Appeal from the 265th Judicial District Court
## Dallas County, Texas
## Trial Court Cause No. F09-25333-R

# OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Myers

Appellant was convicted of aggravated robbery with a deadly weapon and sentenced to forty-five years in prison and a $10,000 fine. He contends the trial court denied him an opportunity to present a complete defense. We affirm.

### DISCUSSION

In his only issue, appellant argues that, by erroneously overruling various defense objections made during the voir dire and the State's case-in-chief, the trial court denied him the right to present a complete defense. The State responds that appellant's constitutional complaint was not preserved for appellate review and, alternatively, that the court did not violate appellant's right to present a complete defense.

## Preservation of Error

Proper preservation of error requires a party to make a timely and specific objection as soon as the basis for the objection becomes apparent, and the complaint on appeal must not vary from the trial court objection. *See* TEX. R. EVID. 103(a)(1); TEX. R. APP. P. 33.1(a)(1)(A); *Heidelberg v. State*, 144 S.W.3d 535, 536 (Tex. Crim. App. 2004). An objection preserves only the specific ground cited. *See Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g); *Johnson v. State*, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990) ("An objection stating one legal theory may not be used to support a different legal theory on appeal."). Even claims of constitutional error may be waived if not properly brought to the attention of the trial court. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). A defendant's right to present a defense is the type of claim that is forfeited if it is not specifically urged at trial. *See Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009).

A total of seven defense objections are at issue in this case, in which the complainant was stabbed, beaten, and robbed near a Quick Trip convenience store. During the voir dire, appellant's counsel objected to "improper voir dire" by the prosecutor regarding the concept of reasonable doubt, and that the State asked an improper "commitment question" concerning the definition of "beyond a reasonable doubt." Defense counsel also objected based on the "absolute right . . . not to testify" when the prosecutor asked prospective jurors if they could think of a reason why a defendant might not want to testify. During the State's direct examination of a hostile witness, Angie De Los Santos Trevino, appellant objected to admission of her handwritten statement to the Garland police as a "recorded recollection" under rule 803(5) of the rules of evidence; objected that the prosecutor was testifying; and objected that the prosecutor was being argumentative. Appellant also contends the trial court erroneously overruled his objection that the prosecutor was improperly leading the

complainant when the prosecutor asked him: "And then what happened. Was there anybody—was there anybody following you from the Quick Trip?"

The record shows that appellant's counsel stated the grounds for his various objections, but at no point did he object to any of the alleged errors based on a violation of the constitutional right to present a complete defense. The trial objections preserved error only as to the specific grounds stated. *See Mosley*, 983 S.W.2d at 265. Because appellant did not raise his argument at trial, he did not preserve the issue for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Anderson*, 301 S.W.3d at 280; *Broxton*, 909 S.W.2d at 918; *Hayes v. State*, 124 S.W.3d 781, 786-87 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 161 S.W.3d 507 (Tex. Crim. App. 2005); *Houston v. State*, No. 05-11-00016-CR, 2012 WL 2511588, at *1 (Tex. App.—Dallas July 2, 2012, no pet.) (not designated for publication); *Villasenor v. State*, No. 05-10-00969-CR, 2011 WL 3435376, at *2 (Tex. App.—Dallas Aug. 8, 2011, no pet.) (mem op., not designated for publication).

### Denial of the Right to Present a Complete Defense

But even if were to conclude appellant preserved his issue, his argument fails on the merits. A criminal defendant's constitutional right to a meaningful opportunity to present a complete defense is grounded in the Fourteenth Amendment's Due Process Clause and the Sixth Amendment's Compulsory Process and Confrontation Clauses. *Anderson*, 301 S.W.3d at 280 (citing *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)); *see also* U.S. CONST. amend. VI, XIV. "Erroneous evidentiary rulings rarely rise to the level of denying the fundamental constitutional rights to present a meaningful defense." *Potier v. State*, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002). A trial court's exclusion of evidence may rise to the level of a constitutional violation if the ruling excludes otherwise relevant and reliable evidence which "forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." *Wiley v. State*, 74 S.W.3d 399, 405

(Tex. Crim. App. 2002) (quoting *Potier*, 68 S.W.3d at 665). The fact that a defendant was unable to present his case to the extent and in the form he desired does not rise to constitutional error if he was not prevented from presenting the substance of his defense to the jury. *Potier*, 68 S.W.3d at 666.

Appellant first argues the trial court abused its discretion by overruling three objections to the State's voir dire examination. The defense's first objection was made when, while discussing the concept of reasonable doubt with a prospective juror, the prosecutor stated, "Beyond a reasonable doubt is not the same thing as beyond a shadow of a doubt. Ms. Winn, what do you think about that?" Appellant objected to "improper voir dire on the subject," and the trial court overruled the objection. Appellant also objected when the prosecutor asked the jury panel if anyone felt the same way as a panelist who said that a puzzle with missing pieces "resembles what's on the front of the box. But if the piece is missing, the picture is not complete." Appellant's counsel objected to the prosecutor's line of questioning, arguing the question was "a commitment question to the beyond a reasonable doubt definition." The trial court overruled the objection because "[the prosecutor] hasn't said anything to tie into reasonable doubt." The third objection challenged the following question by the prosecutor:

> Does everyone recall that? That is an unalienable—inalienable right that we as citizens have. We don't have to testify in criminal cases in which we are charged. Everybody feel comfortable with that? Can anybody think of some reasons—let's talk with Ms. Winn. Can you think of a reason why a person may not want to?

Defense counsel objected, "Your Honor, I object to that. It's an absolute right that a person has not to testify [sic]." The trial court overruled the objection.

Appellant contends the trial court abused its discretion by overruling his first two voir dire objections because the questions were improper commitment questions and/or a mischaracterization of the State's burden of proof. "Commitment questions are those that commit a prospective juror

-4-

to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact." *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). The challenged questions did not ask prospective jurors to commit regarding a conviction or to resolve or refrain from resolving any particular issues, and the State did not mischaracterize its burden of proof regarding the allegations in the indictment. As for appellant's argument that the third challenged question was an improper reference to his constitutional right not to testify, a comment that occurs before testimony in the case has closed "cannot be held to refer to a failure to testify which has not yet occurred." *Graff v. State*, 65 S.W.3d 730, 737 (Tex. App.—Waco 2001, pet. ref'd). Thus, we cannot say the trial court abused its discretion by overruling appellant's voir dire objections.

Turning to appellant's contentions regarding the State's direct examination of Angie De Los Santos Trevino, she testified that she did not want to testify, and that she could not remember writing a statement for the police. After Trevino testified that she did not remember writing a statement for the police or recall the things that were said in the statement, the State offered Trevino's handwritten statement to the Garland police as a recorded recollection under rule 803(5) of the Texas Rules of Evidence. Appellant's counsel objected that Trevino had not been afforded an opportunity to review the statement to "see if it refreshes her memory before we ask it be admitted." The prosecutor responded, "Your Honor, she's just stated in front of the jury that she doesn't even remember writing the statement and then she doesn't remember the content." The trial court overruled the objection and admitted the statement. The trial court then granted the prosecutor's request to treat Trevino as a hostile witness.

Appellant argues the trial court erroneously admitted the statement because the State failed to lay a proper predicate under rule 803(5). Yet, even if we assume the trial court erred, the trial court's ruling does not rise to the level of constitutional error. Erroneous evidentiary rulings rarely

rise to the level of denying fundamental constitutional rights, *see Potier*, 68 S.W.3d at 663, and there has been no showing that this occurred here. Nor can we say, based on the record and the arguments before us, that the admission of the statement influenced the jury or had more than a slight effect. *See Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

Appellant also claims the trial court abused its discretion by overruling his objections that the prosecutor was testifying and being argumentative during the direct examination of Trevino. According to the record, the prosecutor questioned Trevino about each of the lines in her written statement. When Trevino repeatedly responded that she did not recall the statements, the prosecutor asked her about speaking with the prosecutor and an investigator prior to trial. Trevino acknowledged that she had met with them. Appellant objected as follows:

> [PROSECUTOR:] Okay. Well let's get back to the part about the stabbing. Do you remember saying to me "He told me he didn't stab him, he just hit him with the bat"?
>
> [TREVINO:] No, I don't recall.
>
> [PROSECUTOR:] You don't remember telling me that last week?
>
> [TREVINO:] Well I remember telling you a lot of things.
>
> [DEFENSE COUNSEL]: Your Honor, I'm sorry, I object to this line of questioning. If the prosecutor wants to testify, she should be called to the stand.

The court overruled the objection. Thereafter, Trevino stated that she did not "know how much of this I remember and what I don't remember." The prosecutor responded, "Thank you, you've already said that. Let me go through it again line by line, because we had this conversation and I want to make sure if you're changing your story today." Appellant's counsel objected, "Objection argumentative, Your Honor." The trial court overruled the objection.

The rules of evidence vest the trial court with wide latitude in controlling the manner and mode of interrogating witnesses and presenting evidence so as to (1) make the interrogation and

presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment. TEX. R. EVID. 611(a); *Padilla v. State*, 278 S.W.3d 98, 106 (Tex. App.—Texarkana 2009, pet. ref'd). Although the State called Trevino to the stand, the court granted the prosecutor permission to treat Trevino as a hostile witness. The prosecutor did not harass Trevino or subject her to undue embarrassment, and appellant has not shown the court abused its discretion by overruling his objections.

Appellant also alleges the trial court erroneously overruled his objection that the prosecutor was improperly leading the complaining witness when the prosecutor asked the complainant: "And then what happened. Was there anybody—was there anybody following you from the Quick Trip?"

"Leading questions are questions that suggest the desired answer, instruct the witness how to answer, or put words into the witness's mouth to be echoed back." *Tinlin v. State*, 983 S.W.2d 65, 70 (Tex. App.—Fort Worth 1998, pet. ref'd). A question is not leading merely because it can be answered "yes" or "no." *Id.* A question is impermissibly leading only when it suggests which answer, "yes" or "no," is desired. *Id.* Rule 611(c) prohibits leading questions on direct examination "except as may be necessary to develop the testimony of the witness." TEX. R. EVID. 611(c). The rule contemplates that some leading questions are acceptable at the trial court's discretion. *Wyatt v. State*, 23 S.W.3d 18, 28 (Tex. Crim. App. 2000). To establish that a trial court abused its discretion, an appellant must show the question resulted in undue prejudice. *Id.*

We do not conclude the prosecutor's question was a leading question. The prosecutor did not suggest the desired answer, instruct the witness how to answer, or put words into her mouth. *See Tinlin*, 983 S.W.2d at 70. Moreover, even if it could be considered a leading question, appellant has not shown the trial court abused its discretion to permit leading questions to develop the witness's testimony under the circumstances, or that the challenged question resulted in undue prejudice. *See*

Tex. R. Evid. 611(c); *Wyatt*, 23 S.W.3d at 28.

## *Conclusion*

After carefully reviewing the record, we conclude appellant failed to preserve error and that he did not meet his burden of showing the trial court denied him an opportunity to present a complete defense. Whether the court's rulings are viewed in isolation or collectively, appellant has not shown the exclusion of relevant and reliable evidence that formed such a vital part of his case that its exclusion effectively precluded him from presenting a defense. We overrule appellant's issue.

We affirm the trial court's judgment.

_____
LANA MYERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
110309F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOHN A. HERNANDEZ, Appellant

No. 05-11-00309-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
F09-25333-R).
Opinion delivered by Justice Myers, Justices
Moseley and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 15, 2012.

_____
LANA MYERS
JUSTICE