

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00915-CR

Adan **FLORES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2014CRS000311-D1
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  September 30, 2015

AFFIRMED

Adan Flores appeals his convictions on five counts of aggravated sexual assault of a child

under the age of fourteen years old, and one count of indecency with a child by contact.  We affirm

the trial court's judgment.

### BACKGROUND

Flores entered into a dating relationship with Karla Munoz, the mother of Ana,[1] in 2000

and had a daughter with Munoz in 2004.  Flores began sexually assaulting Ana when she was

---

[1] "Ana" is a pseudonym.

seven or eight years old, and the sexual abuse continued through 2004. Flores whipped Ana with a belt and used the threat of physical discipline to keep Ana from telling anyone about the sexual abuse. In 2012, when Ana was a junior in high school, she finally made an outcry. Ana testified that she decided to reveal the sexual abuse at that time because she learned that Flores had started to similarly abuse her younger sister.

Flores was indicted on five counts of aggravated sexual assault of a child younger than 14 years of age, and one count of indecency with a child by contact. Flores pled not guilty and proceeded to trial before a jury. At trial, Ana testified in detail about the sexual assaults by Flores. Other witnesses included Veronica Valdez, a forensic examiner who testified as the outcry witness, Ana's mother and other relatives, Ana's school counselor, the investigating officers, Dr. Gregorio Pina, a psychologist who testified that Ana fit the profile of a sexually abused child, and Dr. Amando Garza, a pediatrician who testified that Ana's hymen was partially torn. The jury found Flores guilty on all six counts. The court sentenced Flores to fifty-one years' imprisonment on the five aggravated sexual assault counts, with the sentences to run concurrently, and fifteen years' imprisonment on the indecency with a child count, with that sentence to run consecutively, for a total sentence of sixty-six years' imprisonment. Flores timely appealed.

On appeal, Flores raises the following seven issues: (1) Veronica Valdez was not the proper outcry witness because Ana previously told others she was sexually abused; (2) the court erred in denying his motion to exclude Valdez's testimony due to her leading questions during the interview with Ana; (3) the trial court erred in granting the State's motion to amend the indictment without proper notice to Flores; (4) the evidence is insufficient to support his convictions because Ana was not credible; (5) the court erred in refusing to include a copy of the video interview in the record; (6) the court gave an erroneous jury instruction with respect to the dates of the alleged offenses; and (7) the court erred in its response to a jury question regarding cumulating sentences.

**VERONICA VALDEZ - OUTCRY WITNESS**

The three issues (Issue Nos. 1, 2, and 5) regarding the admission of Veronica Valdez's testimony about her forensic interview with Ana will be discussed together.

***Qualification as Outcry Witness.*** Flores argues that Valdez was not qualified to testify as the outcry witness under article 38.072 because there was evidence that Ana previously told several other adults that she had been abused by Flores. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a)(3) (West Supp. 2014) (providing that the hearsay statement of a child victim younger than 14 years of age describing the alleged offense to the first person 18 years of age or older may be admissible at trial). We review a trial court's ruling on a challenge to an outcry witness for an abuse of discretion. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990); *Reed v. State*, 974 S.W.2d 838, 841 (Tex. App.—San Antonio 1998, pet. ref'd) (court's broad discretion extends to determining who is the proper outcry witness).

The State replies that Valdez was the proper outcry witness because she was the first adult that Ana told the details of "when, where, and how" Flores abused her. The outcry witness is the first adult to whom the child makes more than a "general allusion to abuse," and describes the details of the alleged offense in "some discernible manner" such as the "how, when, and where" of the abuse. *Reed*, 974 S.W.2d at 841-42 (quoting *Garcia*, 792 S.W.2d at 91); *Reyes v. State*, 274 S.W.3d 724, 727-28 (Tex. App.—San Antonio 2008, pet. ref'd). The elements of the alleged offense must be discernible from the child's statement. *Shaw v. State*, 329 S.W.3d 645, 653 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Flores filed a pre-trial motion to exclude Valdez's testimony as hearsay, and the trial court held a hearing on whether Valdez was the proper outcry witness. At a pre-trial hearing before the Honorable Jose A. Lopez, Ana testified that: (i) when she was 16 or 17 years old, she told her mother's boyfriend at the time, Arturo, that she "was abused sexually," but she did not tell him

any details (he was the first person she ever told); (ii) a few days later, she told her high school counselor, Ms. Ayala, that during the period of time she lived with her mother when she was younger she was "sexually abused" by Flores, but she did not tell her any details; (iii) she then told her aunt Jessica Morales that she was "sexually abused," but she did not tell her any details; and (iv) she told her grandparents that she was physically abused by Flores, but she did not tell them about any sexual abuse. Ana stated that Veronica Valdez (referred to as "Vero Valdez" by Ana) was the first person she told any details of the sexual abuse, telling her "who abused me," "how he abused me," "when he abused me," "where the abuse occurred," and "how many times it occurred." Judge Lopez made a pre-trial ruling that Veronica Valdez was the proper outcry witness and denied Flores's motion to exclude her testimony as hearsay.

The record supports the trial court's finding that Valdez was the first adult to whom Ana revealed the "how, when, and where" details of the sexual abuse. *See Garcia*, 792 S.W.2d at 91; *Reyes*, 274 S.W.3d at 727-28. Therefore, the court did not abuse its discretion in ruling that Valdez was qualified to testify at trial as the outcry witness under article 38.072. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3).

*Admission of Valdez's Testimony*. Flores also argues the court erred in denying his motion to exclude Valdez's testimony because she used leading questions in her interview with Ana, which Flores claims suggested the desired answers. During trial, Flores filed a motion requesting that Valdez be disqualified as the outcry witness due to her violation of the article 38.072 procedures regarding the examination of a child victim, essentially asserting Valdez's testimony did not qualify as reliable. *See id.* art. 38.072, § 2(b)(2) (West Supp. 2014) (child's outcry statement is not inadmissible hearsay if adverse party receives notice, trial court finds the statement to be "reliable based on the time, content, and circumstances" and the child testifies). The trial court held a hearing outside the jury's presence at which the videotaped interview was

- 4 -

played and Valdez testified about her interview of Ana and the protocol she followed. She explained that she initially tried to make Ana feel comfortable and establish a rapport so that Ana would feel free to discuss the alleged sexual assaults. Valdez testified that she took care not to ask the child leading questions, but did follow up "I don't remember" answers with more detailed questions. Valdez agreed that she asked whether the defendant used particular "body parts," asking, for example, whether his "penis was ever inside her vagina?" Valdez stated she asked that question after Ana had already established what male body parts were used. Valdez also asked how many times the sexual assaults occurred by asking a "multiple-choice question," such as "was it more like five times?" At the end of the hearing, the trial court ruled that Valdez's recorded interview with Ana complied with the applicable statutory requirements and procedures, and held that Valdez was competent to testify about the details provided by Ana during the interview.[2]

A leading question is one that "suggest[s] the desired answer, instruct[s] the witness how to answer, or put[s] words into the witness's mouth to be echoed back." *Tinlin v. State*, 983 S.W.2d 65, 70 (Tex. App.—Fort Worth 1998, pet. ref'd) (citing *Ballew v. State*, 452 S.W.2d 460, 461 (Tex. Crim. App. 1970)). The fact that a question can be answered with a "yes" or "no" does not make it a leading question. *Tinlin*, 983 S.W.2d at 70. Further, a question which merely seeks clarification of a prior answer does not constitute a leading question. *Id.* Finally, in the context of child sexual abuse, leading questions may be used to clarify a child's ambiguous references to anatomy. *See id.*; *see also Wyatt v. State*, 23 S.W.3d 18, 28 (Tex. Crim. App. 2000) (leading questions on direct examination of a witness may be acceptable at the discretion of the trial court, such as when the question is necessary to develop a witness's testimony). Flores does not point out any question asked by Valdez that put words into Ana's mouth or instructed her how to answer.

---

[2] Upon Flores's re-urging of his argument that Valdez was not the "fresh" outcry witness, Judge Notzon agreed with Judge Lopez and again confirmed that Valdez was the proper outcry witness.

We therefore conclude the trial court did not abuse its discretion in overruling Flores's objections and permitting Valdez to testify about her interview with Ana. *See Wyatt*, 23 S.W.3d at 28 (requiring a showing that undue prejudice resulted from the purported leading question to amount to an abuse of discretion); *see also Bee v. State*, 974 S.W.2d 184, 187, 190 (Tex. App.—San Antonio 1998, no pet.) (applying abuse of discretion standard).

*The Videotaped Interview.* Finally, Flores contends that he was entitled to a copy of the interview recording under *Brady*,[3] and that the trial court erred by refusing to include a copy of the videotape in the record. The State points out that the videotape is confidential under the applicable statutes, and that Flores made no attempt to follow the necessary procedures to obtain a copy of the video.

Section 261.201(a) of the Family Code provides that reports of abuse and the "files, reports, records, communications, audiotapes, videotapes, and working papers" developed during a child abuse investigation are confidential. TEX. FAM. CODE ANN. § 261.201(a) (West 2014). Subsections (b) and (c) state that a court may order disclosure of such confidential information upon a hearing and determination that disclosure is essential to the administration of justice and not likely to endanger the child. *Id.* § 261.201(b), (c) (West 2014). More specifically, article 39.15(a) of the Code of Criminal Procedure provides that the recording of a child victim's oral statement made before indictment is discoverable only in the manner provided in the statute. TEX. CODE CRIM. PROC. ANN. art. 39.15(a)(3) (West Supp. 2014). Subsection (b) expressly states that a child's recorded statement "must remain in the care, custody, or control of the court or the state," and subsection (c) states that a "court shall deny any request by a defendant to copy, photograph, duplicate, or otherwise reproduce" such statement, provided that the state makes the statement

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

"reasonably available to the defendant." *Id.* art. 39.15(b), (c) (West Supp. 2014). Subsection (d) defines "reasonably available" as the state providing the defendant with an "ample opportunity for the inspection, viewing, and examination" of the statement. *Id.* art. 39.15(d) (West Supp. 2014).

Flores's counsel concedes, and the record shows, that he received full access to the video interview and did in fact inspect the video and was able to refer to specific times and statements on the video during his trial questioning. Flores cites no authority in support of his assertion that he was entitled to a copy, rather than just reasonable access to, the videotape under *Brady*, and he made no effort to gain further disclosure under the Family Code. *See Todd v. State*, 911 S.W.2d 807, 818 (Tex. App.—El Paso 1995, no pet.) (*Brady*'s due process mandate requires only access to the information, not a copy of the information). In addition, as noted, article 39.15 expressly prohibits the defendant from obtaining a copy of the child's videotaped statement. TEX. CODE CRIM. PROC. ANN. art. 39.15(b), (c). We thus overrule Flores's fifth issue.

### STATE'S MOTION TO AMEND INDICTMENT – RIGHT TO NOTICE

In his third issue, Flores complains that the trial court granted the State's motion to amend the indictment at an "ex parte hearing" without notice to him, thereby violating article 28.10 and depriving him of due process. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10(a) (West 2006). Flores does not assert he lacked notice of the motion to amend the indictment, only that he lacked notice of the hearing at which the trial court granted the motion to amend. The State replies that article 28.10(a) requires only that a defendant receive notice of the requested amendment, and that the trial court may grant the amendment without a hearing. In addition, the State asserts that any error was harmless because the amendments did not substantially change the charged offenses or charge new offenses.

The relevant portions of article 28.10 provide:

(a) After **notice** to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days . . . to respond to the amended indictment or information.

\*\*\*

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

TEX. CODE CRIM. PROC. ANN. art. 28.10(a), (c) (West 2006) (emphasis added).

The record reflects that the State's motion to amend the indictment was filed on June 16, 2014, with service by email to defense counsel. A fiat shows the motion to amend was set for a hearing on Wednesday, June 25, 2014. Flores concedes he received notice of the State's motion to amend and the June 25 hearing date. On that date, Flores appeared and the court began with the hearing on the qualification of Valdez as the outcry witness, but did not reach the motion to amend; the court was in the middle of trial in another case. The hearing on the motion to amend was pushed to Friday of the same week. Flores asserts he did not receive notice of the re-set hearing date.

On Friday, June 27, 2014, the State appeared for the hearing on its motion to amend, but Flores and his attorney did not. A short discussion about the reason for the re-set on the motion to amend appears at the beginning of the June 27 transcript, and reference is made to a fiat but it is not clear whether it was the original fiat or a new fiat.[4] The court proceeded with a short hearing and granted the State's motion to amend the indictment.

---

[4] The clerk's record contains a fiat setting a hearing on Flores's motion for continuance for Friday, June 27, 2014, at 9:30am. No written order re-setting the hearing on the State's motion to amend to June 27, 2014 appears in the record.

The indictment was amended as follows:

Count I (Agg. Sex Assault):  the "on or about" date was changed from the "15th day of June, A.D., 2003" to the "10th day of June, A.D., 2004;"

Count II (Agg. Sex Assault):  the "on or about" date was changed from the "15th day of September, A.D., 2003" to the "20th day of June, A.D., 2004;"

Count III (Agg. Sex Assault):  the "on or about" date was changed from the "15th day of March, A.D., 2004" to the "20th day of August, A.D., 2004," and the manner and means of the sexual assault was changed from "cause the penetration of the sexual organ of 'Ana'" to "cause contact with the sexual organ of 'Ana;'"

Count IV (Agg. Sex Assault):  the "on or about" date was changed from the "15th day of June, A.D., 2004" to the "5th day of September, A.D., 2004," and the manner and means of the sexual assault was changed from "cause the penetration of the sexual organ of 'Ana'" to "cause contact with the sexual organ of 'Ana;'"

Count V (Agg. Sex Assault):  the "on or about" date was changed from the "15th day of February, A.D., 2005" to the "10th day of October, A.D., 2004," and the manner and means of the sexual assault was changed from "cause the penetration of the sexual organ of 'Ana'" to "cause contact with the sexual organ of 'Ana;'"

Count VI (Indecency With a Child):  the "on or about" date was changed from the "15th day of July, A.D., 2003" to the "10th day of November, A.D., 2004."

On July 21, 2014, Flores filed a motion to quash the amended indictment.  However, the sole ground raised in his motion to quash was that the "[t]he correct charge, if at all, should be for continuous sexual abuse of a child" under section 21.02, rather than numerous separate counts of sexual abuse as in the amended indictment.  *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2014) (defining the offense of continuous sexual abuse of young child).  The court denied the motion to quash.  Flores never raised a trial court objection that he was denied due process because he did not receive notice of the hearing at which the trial court granted the State's motion to amend the indictment—the argument he now raises on appeal.  A trial objection stating one legal theory does not preserve the right to raise a different legal theory on appeal.  *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Because Flores's appellate issue does not comport with his trial objection, the issue has not been preserved for our review.  *Id.*; TEX. R. APP. P. 33.1(a).

**SUFFICIENCY OF THE EVIDENCE**

In his fourth issue, Flores asserts the evidence is insufficient to support his convictions because Ana could not testify as to the exact dates and the order in which the sexual assaults occurred at different places, i.e., he asserts Ana was not credible. In reviewing the legal sufficiency of the evidence, we determine whether, viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We defer to the jury's assessment of the credibility of the witnesses and the weight to be given to their testimony, and resolve any inconsistencies in the evidence in favor of the judgment. *Brooks*, 323 S.W.3d at 899; *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Flores was charged with five counts of aggravated sexual assault by causing penetration of (Counts I & II) and contact with (Counts III–V) Ana's female sexual organ by his male sexual organ under section 22.021, and one count of indecency with a child by sexual contact (Count VI) under section 21.11. TEX. PENAL CODE ANN. §§ 22.021, 21.11 (West Supp. 2014 & 2011). In a sexual assault case, the uncorroborated testimony of the child victim alone is sufficient to support a conviction. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014); *see Saucedo v. State*, No. 04-02-00864-CR, 2003 WL 22298564, at *3 (Tex. App.—San Antonio Oct. 8, 2003, pet. ref'd) (mem. op., not designated for publication); *see also Hellums v. State*, 831 S.W.2d 545, 547 (Tex. App.—Austin 1992, no pet.). Here, the jury heard Ana testify about the incidents of sexual abuse by Flores that began when she was seven or eight years old; she described the places where she was living and described the sexual abuse that occurred at each place (e.g., Ana stated that Flores put his penis inside her about two times at the apartment on Laredo Street and it hurt). Further, Ana's testimony was corroborated by other evidence, including expert testimony. Dr.

Pina, a forensic psychologist, testified that her symptoms were consistent with a child who has been sexually abused. *See Chavarria v. State*, 307 S.W.3d 386, 392 (Tex. App.—San Antonio 2009, no pet.). In addition, Dr. Garza, a pediatrician, testified that Ana's hymen was partially torn, which was consistent with penetration of the vagina. It was within the jury's role to choose to believe Ana's testimony about the sexual assaults and indecency by sexual contact that she said Flores committed. *Brooks*, 323 S.W.3d at 899; *Curry*, 30 S.W.3d at 406. We therefore conclude the evidence in the record is legally sufficient to support the convictions.

## JURY INSTRUCTION AND QUESTION

Flores argues in his sixth issue that the trial court gave an erroneous jury instruction during the guilt/innocence phase regarding the State's burden of proof as to the dates of the offenses alleged in the amended indictment. Specifically, Flores complains that the trial court "lowered the standard prejudicially by changing the time from 'on or about' to 'any time prior to the presentment of the indictment.'" Flores objected to the instruction during the charge conference.

It is well established that when an indictment alleges that an offense occurred "on or about" a certain date, as the amended indictment did, the State is allowed to prove that the offense occurred on a date other than the one stated in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitations period, and the offense relied on otherwise meets the description of the offense alleged in the indictment. *Yzaguirre v. State*, 957 S.W.2d 38, 39 (Tex. Crim. App. 1997); *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1977). "The primary purpose of the 'on or about' language 'is not to notify the accused of the date of the offense[,]' but instead to show the prosecution that the offense is not barred by the statute of limitations and to provide the defendant with sufficient notice to prepare an adequate defense." *Sanchez v. State*, No. 04-07-00795-CR, 2008 WL 5170199, at *2 (Tex. App.—San Antonio Dec.

10, 2008, no pet.) (mem. op., not designated for publication) (quoting *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998)).

Here, the court's charge tracked the language of the amended indictment in asking the jury to determine whether Flores committed aggravated sexual assault against Ana when she was younger than fourteen years of age "on or about" June 10, 2004, June 20, 2004, August 20, 2004, September 5, 2004, and October 10, 2004. The charge similarly asked the jury to determine whether Flores caused Ana to engage in sexual contact when she was younger than seventeen years of age on November 10, 2004. The charge also contained the following instruction:

> You are further charged as the law in this case that the State is not required to prove the exact date alleged in the indictment but may prove the offense, if any, to have been committed at any time prior to the presentment of the indictment, which was February 26, 2014. The State must show that it returned the indictment before the victim turned 28 years of age.

The above-quoted instruction was based on the statute of limitations period in effect in 2004, the year the alleged offenses were committed. *See* Acts 2001, 77th Leg., ch. 12, § 1, eff. Sept. 1, 2001 (codified as TEX. CODE CRIM. PROC. ANN. art. 12.01(5) (West 2003)) (stating the limitations period for both aggravated sexual assault and indecency with a child was "ten years from the 18th birthday of the victim").

The record shows Ana's date of birth is April 23, 1996, which would make her eight years old on the alleged offense dates, i.e., "younger than 14 years of age" and "younger than 17 years of age" as required by the two penal statutes, and younger than 28 years old when the indictment was returned in 2014. Ana testified she did not know the specific dates of the incidents of sexual abuse, but stated that they all occurred when she was "seven or eight years old," which would be during 2003 or 2004 — prior to presentment of the indictment in 2014. There was no evidence that any sexual abuse occurred later than 2004. Thus, Flores's argument that the instruction

harmed him by allowing the jury to find him guilty based on conduct that occurred as late as February 26, 2014 is without merit.

Finally, in his seventh issue, Flores argues the court erred during the punishment phase in failing to inform the jury that the trial court could stack, or cumulate, two or more of the sentences. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (West Supp. 2014) (cumulation of sentences when a defendant is convicted of more than one offense is a matter within the court's discretion). The jury sent out a note during its punishment deliberations asking, "Is each count served consecutively or one right after the other?" The court discussed a potential response with the attorneys, and ultimately replied to the jury, "The court is not permitted to answer your question. Please consider only the instructions that have been given to you." During the discussion with counsel, however, the court initially stated that it was considering telling the jury that cumulation of sentences is a matter for the court to decide. However, Flores's counsel repeatedly objected to that response — the very response he now argues on appeal should have been given. Defense counsel repeatedly asked the court to merely reply to the jury's question by stating they should follow the charge, which is the response the court eventually gave the jury. Therefore, Flores has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a).

## CONCLUSION

Based on the foregoing reasons, we overrule Flores's issues on appeal, and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH