PD-1414-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/25/2015 1:38:03 PM
Accepted 11/25/2015 2:00:07 PM
ABEL ACOSTA
CLERK

CAUSE NO. <u>PD-1414-15</u>

IN THE
TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

ADAN FLORES,

Appellant,

V.

THE STATE OF TEXAS,

Appellee

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ORAL ARGUMENT IS NOT REQUEST

FILED IN
COURT OF CRIMINAL APPEALS

November 25, 2015

ABEL ACOSTA, CLERK

**ARMANDO TREVINO**
**State Bar No. 20211100**
**1519 Washington St., Suite One**
**Laredo, Texas 78040**
**Tel: (956) 726-1638**
**Email:** armando_trevinolaw@hotmail.com
**Attorney for Appellant**

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Honorable Monica Z. Notzon            Trial Judge
49th District Court
Webb County Courthouse
Laredo, Texas 78040

Adan Flores            Appellant

Armando Treviño            Attorney for Appellant
State Bar No. 20211100
1519 Washington St., Suite One
Laredo, Texas 78040
Email: armando_trevinolaw@hotmail.com

The State of Texas            Appellee

David L. Reuthinger, Jr.            Attorney for Appellee
Assistant District Attorney
State Bar No. 24053936
1110 Victoria St., Suite 401
Laredo, Texas 78040
Tel. (956) 523-4900
Fax. (956) 523-5070
Email: dreuthinger@webbcountytx.gov

# TABLE OF CONTENTS

Page

I.    Identity of Judge, Parties and Counsel                    i

II.   Table of Contents                                         ii

III.  Index of Authorities                                      iv

IV.   Statement Regarding Oral Argument                         1

V.    Statement of the Case                                     2

VI.   Statement of Procedural History                          3

VII.  Grounds for Review                                        4

VIII. Argument                                                  5

**Ground No. 1.** VERONICA VALDEZ should not have been allowed to testify as the fresh outcry witness because she conducted the videotape interview in violation of Articles *38.071* and *38.072* of the Texas Code of Criminal Procedure and because ANA had previously told others about the assaults.

**Grounds No. 2.** The Trial Court committed reversible error when it allowed the State to amend the indictment at an ex parte hearing.

**Grounds No. 3.** It was for the jury to decide under the laws in effect when the assaults occurred whether Appellant committed second-degree felonies or first-degree felonies and the trial court committed reversible error and invaded the province of the jury by instructing the jury that Defendant had committed first-degree felonies as to Counts I, II, III, IV, and V.

|  |  |  | Page |
|----|----|------------------|------|
| IX. | | Prayer for Relief | 8 |
| X. | | Appendix | 9 |

# INDEX OF AUTHORITIES

Page(s)

Cases

Carmel v. Texas, ................................................................... 7

529 U.S. 513 (2000)

Holmes v. State, ............................................................... 5

323 S.W. 3rd 163 (Tex.Cr.App. 2010)

Martinez v. State, ............................................................ 6

(Tex.Cr.App. 2005)

Nino v. State, ................................................................. 6

(Tex.App. Houston [14th Dist.] no pet.)

Ochs v. Martinez, ........................................................... 5

789 S.W. 2d 949 (Tex.App.- San Antonio 1990, writ denied)

Sodipo v. State, .............................................................. 6

815 S.W. 2d 551 (Tex.Cr. App. 1990)

Vasquez v. State, ............................................................. 7

389 S.W. 3rd 361  (Tex.Cr.App. 2012)

# CONSTITUTION, STATUTE AND RULES

|  | Page(s) |
|---|---|
| Texas Constitution, Art. 1, Sec. 16 | 6 |
| Texas Penal Code | |
| Sec. 22.01(a)(1)(A) | 7 |
| Sec. 22.01(a)(1)(B) | 7 |
| Texas Rules of Appellate Procedure | |
| Rule 33.1 | 5 |
| Rule 44.1 | 5 |
| Rules 66.3(c) and (f) | 7 |
| Rule 68 | 3 |
| Texas Rules of Criminal Procedure | |
| Art. 36.14 | 7 |
| Art. 36.16 | 7 |
| Art. 38.071 | 5 |
| Art. 38.071 Sec. 2(a) | 5 |
| Art. 38.072 | 5 |

# STATEMENT REGARDING ORAL ARGUMENT

Appellant waives oral argument unless Appellee requests and is granted oral argument.

## STATEMENT OF THE CASE

Appellant ADAN FLORES was convicted by a jury of five counts of aggravated sexual assault of a child under fourteen years of age and one count of indecency with a child by contact.

# STATEMENT OF PROCEDURAL HISTORY

Appellant was convicted of six felony offenses and he appealed the conviction to the Fourth Court of Appeals. On September 30, 2015, the Court of Appeals issued a memorandum opinion affirming the conviction (*Appendix Exhibit A*). Appellant did not file a motion for rehearing and decided to file a Petition for Discretionary Review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

# GROUNDS FOR PETITION

**Ground No. 1.**   VERONICA VALDEZ should not have been allowed to testify as the fresh outcry witness because she conducted the videotape interview in violation of Articles 38.071 and 38.072 of the Texas Rules of Criminal Procedure and because ANA had previously told others about the assault.

**Ground No. 2.**   The Trial Court committed reversible error when it allowed the State to amend the indictment at an ex parte hearing.

**Grounds No. 3.**   It was for the jury to decide under the laws in effect when the assaults occurred whether Appellant committed second-degree felonies or first-degree felonies and the trial court committed reversible error and invaded the province by instructing the jury that Defendant had committed first-degree felonies as to Counts I, II, III, IV, and V.

## ARGUMENT

**Ground No. 1.**    VERONICA VALDEZ should not have been allowed to testify as the fresh outcry witness because she conducted the videotape interview in violation of Articles 38.071 and 38.072 of the Texas Code of Criminal Procedure and because ANA had previously told others about the assaults.

### Argument and Authorities

VERONICA VALDEZ conducted a videotaped interview of ANA when ANA was sixteen years old. The State moved to have VALDEZ qualified as the outcry witness (CR 102-105) and Appellant objected (CR 125-127). The issue was heard in two phases, one by Judge Jose Lopez (RR Vol 7) and one by Judge Monica Z. Notzon (RR Vol 15). At the hearing before Judge Notzon, Valdez admitted she was not neutral at the interview, that her role was to validate the complaints of ANA, that she had frequently suggested answers to ANA while questioning her, and that ANA said she had previously told others about the assaults. Appellant preserved his complaint through his motion for a new trial (CR 250-268). Rules 33.1, 44.1 Texas Rules of Appellate Procedure; Holmes v. State, 323 S.W. 3rd 163, 173-74 (Tex.Cr. App. 2010). The impermissibly suggestive and biased interview by VALDEZ should not have been allowed. Article 38.071 Sec. 2 (a) Texas Rules of Evidence; Ochs v. Martinez, 789 S.W. 2d 949, 951 (Tex.App. – San Antonio 1990, writ denied). Appellant should be granted the petition because

the decision of the Fourth Court of Appeals is in conflict with <u>Martinez v. State</u>, 178 S.W. 3ʳᵈ 806, 811-13 (Tex.Cr.App. 2005) and <u>Nino v. State</u>, 223 S.W. 3ʳᵈ 749, 752-53 (Tex.App. – Houston [14ᵗʰ Dist.] 2007, no pet.)

**Ground No 2.**     The Trial Court committed reversible error when it allowed the State to amend the indictment at an ex parte hearing.

Argument and Authorities

The State filed a motion to amend the indictment (CR 68-76) and Appellant filed a response opposing the motion (CR 143-145). An ex parte hearing was held (RR Vol. 8 pp 6,7) and the Court granted the State's motion without any attempt to ascertain why Appellant's counsel was not present and without proof that Appellant's counsel had actually received notice of the hearing.  Article 28.10 of the Texas Code of Criminal Procedure allows that State to amend an indictment but the Defendant must be given time to respond. Failure to allow the time to respond violates the most fundamental principles of due process of law and is not subject to harmless error analysis. Texas Constitution Article 1, Section 16; <u>Sodipo v. State</u>, 815 S.W 2d 551 (Tex.Cr.App.- 1990). The Trial Court was aware that Appellant had filed an objection to the motion to amend the indictment, made only a perfunctory inquiry as to the absence of Appellant's counsel, and granted the State's motion ex parte. Appellant's petition for discretionary review should be

granted pursuant to Rules 66.3(c) and 66.3(f) of the Texas Rules of Appellate Procedure.

**Ground No. 3.** It was for the jury to decide under the laws in effect when the assaults occurred whether Appellant committed second-degree felonies or first-degree felonies as to Counts I, II, III, IV, and V.

Argument and Authorities

A Trial Court has the non-delegable duty of preparing a jury charge that is correct. Articles 36.14, 36.16 Texas Code of Criminal Procedure; Vasquez v. State, 389 S.W. 3rd 361, 366 (Tex.Cr.App. 2012). The State's witnesses were not clear and definitive as to whether ANA was seven or eight when the assaults occurred and this lack of a finding is relevant because the Penal Code changed in 2003 regarding the grading of the assaults. The Honorable Court of Criminal Appeals should grant the petition for discretionary review because (1) the State failed to prove beyond a reasonable doubt that the offenses were punishable as first degree felonies and (2) the Trial Court should not have instructed the jury that Counts I, II, III, IV, and V were first-degree felonies. See Penal Code §§22.01(a)(1)(A) (penetration of anus or female sexual organ and §22.01(a)(1)(B) (sexual assault by contact); Carmell v. Texas, 529 U.S. 513, 537 (2000).

**PRAYER**. Premises Considered, Appellant asks the Honorable Texas Court of Criminal Appeals to grant his petition for discretionary review, to order the parties to file their respective briefs, and after submission of the case to reverse the conviction and order Appellant released, or as a lesser alternative, to reverse the conviction and remand the case for a new trial.

Respectfully submitted,

ARMANDO TREVINO
Attorney At Law
State Bar No. 20211100
1519 Washington St, Suite # 1.
Laredo, Texas 78040
Telephone No. (956) 726-1638
Email: armando_trevinolaw@hotmail.com
Attorney For Appellant

## CERTIFICATE OF SERVICE

A true copy of the above document was served on the 25th day of November, 2015, on Keith E. Hottle, Clerk of the Fourth Court of Appeals, Cadena-Reeves Justice Center, Suite 3200, San Antonio, Texas 78205; Honorable Monica Z. Notzon, 1110 Victoria St., Laredo, Texas 78040; and on David L. Reuthinger, Jr., Assistant District Attorney of Webb County, 1110 Victoria Street, Suite 401, Laredo, Texas 78040.

ARMANDO TREVINO

# CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this Petition (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance and appendix) is 1,163.

ARMANDO TREVIÑO

CAUSE NO. <u>PD-1414-15</u>

IN THE
TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

ADAN FLORES,
    Appellant

vs.

THE STATE OF TEXAS,
    Appellee

APPELLANT'S APPENDIX

# LIST OF EXHIBIT IN THE APPENDIX

EXHIBIT

DESCRIPTION

A.

September 30, 2015, Fourth Court of Appeals Memorandum Opinion

# EXHIBIT A



# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00915-CR

Adan **FLORES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2014CRS000311-D1
Honorable Monica Z. Notzon, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: September 30, 2015

AFFIRMED

Adan Flores appeals his convictions on five counts of aggravated sexual assault of a child under the age of fourteen years old, and one count of indecency with a child by contact. We affirm the trial court's judgment.

## BACKGROUND

Flores entered into a dating relationship with Karla Munoz, the mother of Ana,[1] in 2000 and had a daughter with Munoz in 2004. Flores began sexually assaulting Ana when she was

---

[1] "Ana" is a pseudonym.


EXHIBIT

A

seven or eight years old, and the sexual abuse continued through 2004. Flores whipped Ana with a belt and used the threat of physical discipline to keep Ana from telling anyone about the sexual abuse. In 2012, when Ana was a junior in high school, she finally made an outcry. Ana testified that she decided to reveal the sexual abuse at that time because she learned that Flores had started to similarly abuse her younger sister.

Flores was indicted on five counts of aggravated sexual assault of a child younger than 14 years of age, and one count of indecency with a child by contact. Flores pled not guilty and proceeded to trial before a jury. At trial, Ana testified in detail about the sexual assaults by Flores. Other witnesses included Veronica Valdez, a forensic examiner who testified as the outcry witness, Ana's mother and other relatives, Ana's school counselor, the investigating officers, Dr. Gregorio Pina, a psychologist who testified that Ana fit the profile of a sexually abused child, and Dr. Amando Garza, a pediatrician who testified that Ana's hymen was partially torn. The jury found Flores guilty on all six counts. The court sentenced Flores to fifty-one years' imprisonment on the five aggravated sexual assault counts, with the sentences to run concurrently, and fifteen years' imprisonment on the indecency with a child count, with that sentence to run consecutively, for a total sentence of sixty-six years' imprisonment. Flores timely appealed.

On appeal, Flores raises the following seven issues: (1) Veronica Valdez was not the proper outcry witness because Ana previously told others she was sexually abused; (2) the court erred in denying his motion to exclude Valdez's testimony due to her leading questions during the interview with Ana; (3) the trial court erred in granting the State's motion to amend the indictment without proper notice to Flores; (4) the evidence is insufficient to support his convictions because Ana was not credible; (5) the court erred in refusing to include a copy of the video interview in the record; (6) the court gave an erroneous jury instruction with respect to the dates of the alleged offenses; and (7) the court erred in its response to a jury question regarding cumulating sentences.

## VERONICA VALDEZ - OUTCRY WITNESS

The three issues (Issue Nos. 1, 2, and 5) regarding the admission of Veronica Valdez's testimony about her forensic interview with Ana will be discussed together.

*Qualification as Outcry Witness.* Flores argues that Valdez was not qualified to testify as the outcry witness under article 38.072 because there was evidence that Ana previously told several other adults that she had been abused by Flores. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a)(3) (West Supp. 2014) (providing that the hearsay statement of a child victim younger than 14 years of age describing the alleged offense to the first person 18 years of age or older may be admissible at trial). We review a trial court's ruling on a challenge to an outcry witness for an abuse of discretion. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990); *Reed v. State*, 974 S.W.2d 838, 841 (Tex. App.—San Antonio 1998, pet. ref'd) (court's broad discretion extends to determining who is the proper outcry witness).

The State replies that Valdez was the proper outcry witness because she was the first adult that Ana told the details of "when, where, and how" Flores abused her. The outcry witness is the first adult to whom the child makes more than a "general allusion to abuse," and describes the details of the alleged offense in "some discernible manner" such as the "how, when, and where" of the abuse. *Reed*, 974 S.W.2d at 841-42 (quoting *Garcia*, 792 S.W.2d at 91); *Reyes v. State*, 274 S.W.3d 724, 727-28 (Tex. App.—San Antonio 2008, pet. ref'd). The elements of the alleged offense must be discernible from the child's statement. *Shaw v. State*, 329 S.W.3d 645, 653 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Flores filed a pre-trial motion to exclude Valdez's testimony as hearsay, and the trial court held a hearing on whether Valdez was the proper outcry witness. At a pre-trial hearing before the Honorable Jose A. Lopez, Ana testified that: (i) when she was 16 or 17 years old, she told her mother's boyfriend at the time, Arturo, that she "was abused sexually," but she did not tell him

- 3 -

any details (he was the first person she ever told); (ii) a few days later, she told her high school counselor, Ms. Ayala, that during the period of time she lived with her mother when she was younger she was "sexually abused" by Flores, but she did not tell her any details; (iii) she then told her aunt Jessica Morales that she was "sexually abused," but she did not tell her any details; and (iv) she told her grandparents that she was physically abused by Flores, but she did not tell them about any sexual abuse. Ana stated that Veronica Valdez (referred to as "Vero Valdez" by Ana) was the first person she told any details of the sexual abuse, telling her "who abused me," "how he abused me," "when he abused me," "where the abuse occurred," and "how many times it occurred." Judge Lopez made a pre-trial ruling that Veronica Valdez was the proper outcry witness and denied Flores's motion to exclude her testimony as hearsay.

The record supports the trial court's finding that Valdez was the first adult to whom Ana revealed the "how, when, and where" details of the sexual abuse. *See Garcia*, 792 S.W.2d at 91; *Reyes*, 274 S.W.3d at 727-28. Therefore, the court did not abuse its discretion in ruling that Valdez was qualified to testify at trial as the outcry witness under article 38.072. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3).

*Admission of Valdez's Testimony.* Flores also argues the court erred in denying his motion to exclude Valdez's testimony because she used leading questions in her interview with Ana, which Flores claims suggested the desired answers. During trial, Flores filed a motion requesting that Valdez be disqualified as the outcry witness due to her violation of the article 38.072 procedures regarding the examination of a child victim, essentially asserting Valdez's testimony did not qualify as reliable. *See id.* art. 38.072, § 2(b)(2) (West Supp. 2014) (child's outcry statement is not inadmissible hearsay if adverse party receives notice, trial court finds the statement to be "reliable based on the time, content, and circumstances" and the child testifies). The trial court held a hearing outside the jury's presence at which the videotaped interview was

played and Valdez testified about her interview of Ana and the protocol she followed. She explained that she initially tried to make Ana feel comfortable and establish a rapport so that Ana would feel free to discuss the alleged sexual assaults. Valdez testified that she took care not to ask the child leading questions, but did follow up "I don't remember" answers with more detailed questions. Valdez agreed that she asked whether the defendant used particular "body parts," asking, for example, whether his "penis was ever inside her vagina?" Valdez stated she asked that question after Ana had already established what male body parts were used. Valdez also asked how many times the sexual assaults occurred by asking a "multiple-choice question," such as "was it more like five times?" At the end of the hearing, the trial court ruled that Valdez's recorded interview with Ana complied with the applicable statutory requirements and procedures, and held that Valdez was competent to testify about the details provided by Ana during the interview.[2]

A leading question is one that "suggest[s] the desired answer, instruct[s] the witness how to answer, or put[s] words into the witness's mouth to be echoed back." *Tinlin v. State*, 983 S.W.2d 65, 70 (Tex. App.—Fort Worth 1998, pet. ref'd) (citing *Ballew v. State*, 452 S.W.2d 460, 461 (Tex. Crim. App. 1970)). The fact that a question can be answered with a "yes" or "no" does not make it a leading question. *Tinlin*, 983 S.W.2d at 70. Further, a question which merely seeks clarification of a prior answer does not constitute a leading question. *Id.* Finally, in the context of child sexual abuse, leading questions may be used to clarify a child's ambiguous references to anatomy. *See id.*; *see also Wyatt v. State*, 23 S.W.3d 18, 28 (Tex. Crim. App. 2000) (leading questions on direct examination of a witness may be acceptable at the discretion of the trial court, such as when the question is necessary to develop a witness's testimony). Flores does not point out any question asked by Valdez that put words into Ana's mouth or instructed her how to answer.

---

[2] Upon Flores's re-urging of his argument that Valdez was not the "fresh" outcry witness, Judge Notzon agreed with Judge Lopez and again confirmed that Valdez was the proper outcry witness.

We therefore conclude the trial court did not abuse its discretion in overruling Flores's objections and permitting Valdez to testify about her interview with Ana. *See Wyatt*, 23 S.W.3d at 28 (requiring a showing that undue prejudice resulted from the purported leading question to amount to an abuse of discretion); *see also Bee v. State*, 974 S.W.2d 184, 187, 190 (Tex. App.—San Antonio 1998, no pet.) (applying abuse of discretion standard).

*The Videotaped Interview.* Finally, Flores contends that he was entitled to a copy of the interview recording under *Brady*,[3] and that the trial court erred by refusing to include a copy of the videotape in the record. The State points out that the videotape is confidential under the applicable statutes, and that Flores made no attempt to follow the necessary procedures to obtain a copy of the video.

Section 261.201(a) of the Family Code provides that reports of abuse and the "files, reports, records, communications, audiotapes, videotapes, and working papers" developed during a child abuse investigation are confidential. TEX. FAM. CODE ANN. § 261.201(a) (West 2014). Subsections (b) and (c) state that a court may order disclosure of such confidential information upon a hearing and determination that disclosure is essential to the administration of justice and not likely to endanger the child. *Id.* § 261.201(b), (c) (West 2014). More specifically, article 39.15(a) of the Code of Criminal Procedure provides that the recording of a child victim's oral statement made before indictment is discoverable only in the manner provided in the statute. TEX. CODE CRIM. PROC. ANN. art. 39.15(a)(3) (West Supp. 2014). Subsection (b) expressly states that a child's recorded statement "must remain in the care, custody, or control of the court or the state," and subsection (c) states that a "court shall deny any request by a defendant to copy, photograph, duplicate, or otherwise reproduce" such statement, provided that the state makes the statement

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

"reasonably available to the defendant." *Id.* art. 39.15(b), (c) (West Supp. 2014). Subsection (d) defines "reasonably available" as the state providing the defendant with an "ample opportunity for the inspection, viewing, and examination" of the statement. *Id.* art. 39.15(d) (West Supp. 2014).

Flores's counsel concedes, and the record shows, that he received full access to the video interview and did in fact inspect the video and was able to refer to specific times and statements on the video during his trial questioning. Flores cites no authority in support of his assertion that he was entitled to a copy, rather than just reasonable access to, the videotape under *Brady*, and he made no effort to gain further disclosure under the Family Code. *See Todd v. State*, 911 S.W.2d 807, 818 (Tex. App.—El Paso 1995, no pet.) (*Brady*'s due process mandate requires only access to the information, not a copy of the information). In addition, as noted, article 39.15 expressly prohibits the defendant from obtaining a copy of the child's videotaped statement. TEX. CODE CRIM. PROC. ANN. art. 39.15(b), (c). We thus overrule Flores's fifth issue.

## STATE'S MOTION TO AMEND INDICTMENT – RIGHT TO NOTICE

In his third issue, Flores complains that the trial court granted the State's motion to amend the indictment at an "ex parte hearing" without notice to him, thereby violating article 28.10 and depriving him of due process. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10(a) (West 2006). Flores does not assert he lacked notice of the motion to amend the indictment, only that he lacked notice of the hearing at which the trial court granted the motion to amend. The State replies that article 28.10(a) requires only that a defendant receive notice of the requested amendment, and that the trial court may grant the amendment without a hearing. In addition, the State asserts that any error was harmless because the amendments did not substantially change the charged offenses or charge new offenses.

The relevant portions of article 28.10 provide:

(a) After **notice** to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days . . . to respond to the amended indictment or information.

\*\*\*

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

TEX. CODE CRIM. PROC. ANN. art. 28.10(a), (c) (West 2006) (emphasis added).

The record reflects that the State's motion to amend the indictment was filed on June 16, 2014, with service by email to defense counsel. A fiat shows the motion to amend was set for a hearing on Wednesday, June 25, 2014. Flores concedes he received notice of the State's motion to amend and the June 25 hearing date. On that date, Flores appeared and the court began with the hearing on the qualification of Valdez as the outcry witness, but did not reach the motion to amend; the court was in the middle of trial in another case. The hearing on the motion to amend was pushed to Friday of the same week. Flores asserts he did not receive notice of the re-set hearing date.

On Friday, June 27, 2014, the State appeared for the hearing on its motion to amend, but Flores and his attorney did not. A short discussion about the reason for the re-set on the motion to amend appears at the beginning of the June 27 transcript, and reference is made to a fiat but it is not clear whether it was the original fiat or a new fiat.[4] The court proceeded with a short hearing and granted the State's motion to amend the indictment.

---

[4] The clerk's record contains a fiat setting a hearing on Flores's motion for continuance for Friday, June 27, 2014, at 9:30am. No written order re-setting the hearing on the State's motion to amend to June 27, 2014 appears in the record.

The indictment was amended as follows:

Count I (Agg. Sex Assault): the "on or about" date was changed from the "15th day of June, A.D., 2003" to the "10th day of June, A.D., 2004;"

Count II (Agg. Sex Assault): the "on or about" date was changed from the "15th day of September, A.D., 2003" to the "20th day of June, A.D., 2004;"

Count III (Agg. Sex Assault): the "on or about" date was changed from the "15th day of March, A.D., 2004" to the "20th day of August, A.D., 2004," and the manner and means of the sexual assault was changed from "cause the penetration of the sexual organ of 'Ana'" to "cause contact with the sexual organ of 'Ana;'"

Count IV (Agg. Sex Assault): the "on or about" date was changed from the "15th day of June, A.D., 2004" to the "5th day of September, A.D., 2004," and the manner and means of the sexual assault was changed from "cause the penetration of the sexual organ of 'Ana'" to "cause contact with the sexual organ of 'Ana;'"

Count V (Agg. Sex Assault): the "on or about" date was changed from the "15th day of February, A.D., 2005" to the "10th day of October, A.D., 2004," and the manner and means of the sexual assault was changed from "cause the penetration of the sexual organ of 'Ana'" to "cause contact with the sexual organ of 'Ana;'"

Count VI (Indecency With a Child): the "on or about" date was changed from the "15th day of July, A.D., 2003" to the "10th day of November, A.D., 2004."

On July 21, 2014, Flores filed a motion to quash the amended indictment. However, the sole ground raised in his motion to quash was that the "[t]he correct charge, if at all, should be for continuous sexual abuse of a child" under section 21.02, rather than numerous separate counts of sexual abuse as in the amended indictment. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2014) (defining the offense of continuous sexual abuse of young child). The court denied the motion to quash. Flores never raised a trial court objection that he was denied due process because he did not receive notice of the hearing at which the trial court granted the State's motion to amend the indictment—the argument he now raises on appeal. A trial objection stating one legal theory does not preserve the right to raise a different legal theory on appeal. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Because Flores's appellate issue does not comport with his trial objection, the issue has not been preserved for our review. *Id.*; TEX. R. APP. P. 33.1(a).

- 9 -

## SUFFICIENCY OF THE EVIDENCE

In his fourth issue, Flores asserts the evidence is insufficient to support his convictions because Ana could not testify as to the exact dates and the order in which the sexual assaults occurred at different places, i.e., he asserts Ana was not credible. In reviewing the legal sufficiency of the evidence, we determine whether, viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We defer to the jury's assessment of the credibility of the witnesses and the weight to be given to their testimony, and resolve any inconsistencies in the evidence in favor of the judgment. *Brooks*, 323 S.W.3d at 899; *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Flores was charged with five counts of aggravated sexual assault by causing penetration of (Counts I & II) and contact with (Counts III–V) Ana's female sexual organ by his male sexual organ under section 22.021, and one count of indecency with a child by sexual contact (Count VI) under section 21.11. TEX. PENAL CODE ANN. §§ 22.021, 21.11 (West Supp. 2014 & 2011). In a sexual assault case, the uncorroborated testimony of the child victim alone is sufficient to support a conviction. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014); *see Saucedo v. State*, No. 04-02-00864-CR, 2003 WL 22298564, at *3 (Tex. App.—San Antonio Oct. 8, 2003, pet. ref'd) (mem. op., not designated for publication); *see also Hellums v. State*, 831 S.W.2d 545, 547 (Tex. App.—Austin 1992, no pet.). Here, the jury heard Ana testify about the incidents of sexual abuse by Flores that began when she was seven or eight years old; she described the places where she was living and described the sexual abuse that occurred at each place (e.g., Ana stated that Flores put his penis inside her about two times at the apartment on Laredo Street and it hurt). Further, Ana's testimony was corroborated by other evidence, including expert testimony. Dr.

- 10 -

Pina, a forensic psychologist, testified that her symptoms were consistent with a child who has been sexually abused. *See Chavarria v. State*, 307 S.W.3d 386, 392 (Tex. App.—San Antonio 2009, no pet.). In addition, Dr. Garza, a pediatrician, testified that Ana's hymen was partially torn, which was consistent with penetration of the vagina. It was within the jury's role to choose to believe Ana's testimony about the sexual assaults and indecency by sexual contact that she said Flores committed. *Brooks*, 323 S.W.3d at 899; *Curry*, 30 S.W.3d at 406. We therefore conclude the evidence in the record is legally sufficient to support the convictions.

## JURY INSTRUCTION AND QUESTION

Flores argues in his sixth issue that the trial court gave an erroneous jury instruction during the guilt/innocence phase regarding the State's burden of proof as to the dates of the offenses alleged in the amended indictment. Specifically, Flores complains that the trial court "lowered the standard prejudicially by changing the time from 'on or about' to 'any time prior to the presentment of the indictment.'" Flores objected to the instruction during the charge conference.

It is well established that when an indictment alleges that an offense occurred "on or about" a certain date, as the amended indictment did, the State is allowed to prove that the offense occurred on a date other than the one stated in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitations period, and the offense relied on otherwise meets the description of the offense alleged in the indictment. *Yzaguirre v. State*, 957 S.W.2d 38, 39 (Tex. Crim. App. 1997); *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1977). "The primary purpose of the 'on or about' language 'is not to notify the accused of the date of the offense[,]' but instead to show the prosecution that the offense is not barred by the statute of limitations and to provide the defendant with sufficient notice to prepare an adequate defense." *Sanchez v. State*, No. 04-07-00795-CR, 2008 WL 5170199, at *2 (Tex. App.—San Antonio Dec.

10, 2008, no pet.) (mem. op., not designated for publication) (quoting *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998)).

Here, the court's charge tracked the language of the amended indictment in asking the jury to determine whether Flores committed aggravated sexual assault against Ana when she was younger than fourteen years of age "on or about" June 10, 2004, June 20, 2004, August 20, 2004, September 5, 2004, and October 10, 2004. The charge similarly asked the jury to determine whether Flores caused Ana to engage in sexual contact when she was younger than seventeen years of age on November 10, 2004. The charge also contained the following instruction:

> You are further charged as the law in this case that the State is not required to prove the exact date alleged in the indictment but may prove the offense, if any, to have been committed at any time prior to the presentment of the indictment, which was February 26, 2014. The State must show that it returned the indictment before the victim turned 28 years of age.

The above-quoted instruction was based on the statute of limitations period in effect in 2004, the year the alleged offenses were committed. *See* Acts 2001, 77th Leg., ch. 12, § 1, eff. Sept. 1, 2001 (codified as TEX. CODE CRIM. PROC. ANN. art. 12.01(5) (West 2003)) (stating the limitations period for both aggravated sexual assault and indecency with a child was "ten years from the 18th birthday of the victim").

The record shows Ana's date of birth is April 23, 1996, which would make her eight years old on the alleged offense dates, i.e., "younger than 14 years of age" and "younger than 17 years of age" as required by the two penal statutes, and younger than 28 years old when the indictment was returned in 2014. Ana testified she did not know the specific dates of the incidents of sexual abuse, but stated that they all occurred when she was "seven or eight years old," which would be during 2003 or 2004 — prior to presentment of the indictment in 2014. There was no evidence that any sexual abuse occurred later than 2004. Thus, Flores's argument that the instruction

- 12 -

harmed him by allowing the jury to find him guilty based on conduct that occurred as late as February 26, 2014 is without merit.

Finally, in his seventh issue, Flores argues the court erred during the punishment phase in failing to inform the jury that the trial court could stack, or cumulate, two or more of the sentences. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (West Supp. 2014) (cumulation of sentences when a defendant is convicted of more than one offense is a matter within the court's discretion). The jury sent out a note during its punishment deliberations asking, "Is each count served consecutively or one right after the other?" The court discussed a potential response with the attorneys, and ultimately replied to the jury, "The court is not permitted to answer your question. Please consider only the instructions that have been given to you." During the discussion with counsel, however, the court initially stated that it was considering telling the jury that cumulation of sentences is a matter for the court to decide. However, Flores's counsel repeatedly objected to that response — the very response he now argues on appeal should have been given. Defense counsel repeatedly asked the court to merely reply to the jury's question by stating they should follow the charge, which is the response the court eventually gave the jury. Therefore, Flores has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a).

## CONCLUSION

Based on the foregoing reasons, we overrule Flores's issues on appeal, and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH

- 13 -



# Fourth Court of Appeals
## San Antonio, Texas

### JUDGMENT

No. 04-14-00915-CR

Adan **FLORES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2014CRS000311-D1
Honorable Monica Z. Notzon, Judge Presiding

BEFORE JUSTICE MARTINEZ, JUSTICE ALVAREZ, AND JUSTICE CHAPA

In accordance with this court's opinion of this date, the trial court's judgment is AFFIRMED.

SIGNED September 30, 2015.

_____
Rebeca C. Martinez, Justice